1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

LARRY JAQUESS,

               Plaintiff,

vs.

U.S.,

               Defendant.

2:16-cv-01710-APG-VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF. NO 20) AND COMPLAINT (ECF. NOS. 15, 17, 19)

11

12

13

14

15

16

17

18

     Before the court are Plaintiff's application to proceed *in forma pauperis* (ECF No. 20), Motion to Reconsider Appointment of Counsel (ECF No. 15), Motion Emergency Orders-Famine Rationing Relief (EFC No. 17), and Motion Requesting Assistance (ECF No. 19).  For the reasons stated below, Plaintiff's *in forma pauperis* application is granted and he may proceed with this action.  It is recommended that Plaintiff's complaint be dismissed with leave to amend.  Since dismissal of this action is recommended, Motion to Reconsider Appointment of Counsel (ECF No. 15), Motion Emergency Orders-Famine Rationing Relief (ECF No. 17), and Motion Requesting Assistance (ECF No. 19) are denied.

19

**I. Discussion**

20

21

22

   Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

23

   1.  Plaintiff <u>May Proceed *In Forma Pauperis*</u>

24

25

    Plaintiff's application to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a

financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Plaintiff submitted a financial affidavit. (ECF No. 20). According to the affidavit, Plaintiff earns $1,003 a month and has $10 "or less" in his checking and savings accounts. Plaintiff's monthly expenses include: (1) $800 for rent and utilities; (2) $150 for transportation; and (3) $53 for food supplemented by going to charities. Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

1.   There is no Operative Complaint

"A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. "A complaint must contain the following: (1) a statement of the grounds for jurisdiction, (2) a short and plain statement of the claim showing why the Plaintiff is entitled to relief, and (3) a demand for relief." FED. R. CIV. P. 8(a).

Here, there is no operative complaint. This court ordered Plaintiff to file a complaint along with the *in forma pauperis* application. (ECF No. 20). Plaintiff filed three other motions. The Motion to Reconsider Appointment of Counsel states that Plaintiff is a rape victim and thus entitled to counsel. (ECF No. 15 at 1). The Motion Emergency Orders-Famine Relief requests for "famine relief" until "he can be relieved on his SSN (Social Security Number) with the brief he filed." (ECF No. 17 at 1-2). The Motion Requesting Assistance requests various monetary relief and other relief such as: a "Hopi" home, two guards, a truck, dental work, clothing, and sunglasses. (ECF No. 19). These three motions cannot be construed as an operative complaint since they do not comply with Rule 8(a). The court should, therefore, dismiss Plaintiff's action as there is no operative complaint. FED. R. CIV. P. 3

2.   Even if the Motion Emergency Orders-Famine Rationing Relief (ECF No. 17) were an Operative Complaint, it Fails to State a Claim Upon Which Relief can be Granted

Upon granting a request to proceed *in forma pauperis,* a court must screen a complaint pursuant to 28 U.S.C. § 1915(e). Courts have the authority to dismiss a case if the action is legally "frivolous or

malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The court's review of a Plaintiff's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  FED R. CIV. P. 8(a)(2).  The Supreme Court's decision in *Ashcroft v. Iqbal,* states that in order to satisfy Rule 8's requirements, a complaint's allegation must cross "the line from conceivable to plausible."  556 U.S. 662, 680 (2009).  The Court's decisions in *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional claim."  *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief.  *Id.* at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]"-"that the pleader is entitled to relief."  *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F. 3d. 1103, 1106 (9th Cir. 1995) (citation omitted).

Even if the Motion Emergency Orders-Famine Rationing Relief (EFC No. 17) were an operative complaint, it fails to state a claim upon which relief can be granted. Plaintiff requests monetary relief for a famine, but states no facts as to why he deserves relief. Such necessary facts include the: who, what, where, and where, of a defendant's alleged misconduct. *Albanese v. Homeland Security of the United States in Las Vegas, Nevada*, 2:16-CV-531-RFB, 2016 WL 2659511, at *2 (D. Nev. Mar. 15, 2016). The motion for famine does not provide any of these contextual details. (ECF No. 17).

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 20) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reconsider Appointment of Counsel (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion Emergency Orders-Famine Rationing Relief (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion Requesting Assistance (ECF No. 19) is DENIED.

IT IS RECOMMENDED that this action should be DISMISSED for lack of an operative complaint.

IT IS FURTHER RECOMMENDED if the court adopts this report and recommendation, the court set a deadline for filing an amended complaint.  If an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint.  The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at the time, if applicable.  *See* 28 U.S.C. 1915(e)(2).

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9ᵗʰ Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F. 2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with the Rule may result in dismissal of this action.**  *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 24th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE